IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

RONALD LEE NEWMAN, on behalf of himself
and all others similarly situated,    PLAINTIFF

V.    CIVIL ACTION NO. __2:17-cv-01422__

PHOENIX FINANCIAL SERVICES LLC,    DEFENDANT

## CLASS ACTION COMPLAINT

1. The Plaintiff, Ronald Lee Newman, is a resident and citizen of West Virginia.

2. The Defendant, Phoenix Financial Services LLC, (herein "Phoenix Financial") is a limited liability company incorporated under the laws of Indiana with its principal offices located at 8902 Otis Avenue, Suite 103A, Indianapolis, IN 46216 and the members of the LLC are all residents and citizens of the state of Indiana.

**(JURISDICTION AND VENUE)**

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), as the amount in controversy exceeds $75,000 and is between citizens of different states.

4. Venue is appropriate pursuant to 28 U.S.C. § 1391(b)(2), as Defendant's principal place of business is in Indiana, its members reside in the state of Indiana and the claims giving rise to this claim occurred in West Virginia.

**(THE PARTIES)**

5. The Plaintiff, Ronald Lee Newman (herein, Mr. Newman), is a resident of Mount Hope, West Virginia. Mr. Newman brings this action in his own right and as a representative of a class of West Virginia consumers more particularly defined herein.

6. Mr. Newman is a "consumer" as defined by the *West Virginia Consumer Credit Protection Act* (WVCCPA) *West Virginia Code* §46A-2-122(a) who incurred an obligation for personal medical debt.

7. Phoenix Financial is a "debt collector" engaged in "debt collection" of a "claim" from a "consumer" all as defined by WVCCPA, *West Virginia Code* §46A-2-122.

**(OPERATIVE FACTS)**

8. A medical creditor of Plaintiff retained Phoenix Financial to collect alleged debt which was incurred by Plaintiff on February 27, 2011.

9. Phoenix Financial sent an initial communication to Mr. Newman on or after June 6, 2014, in an attempt to collect such a debt when the debt was beyond the statute of limitations for filing a legal action for collection without providing the disclosures required by West Virginia Code §46A-2-128(f).

10. Upon information and belief, Phoenix Financial sent the same or similar letters to West Virginia consumers on or after June 6, 2014, seeking to collect debt when the debt was beyond the statute of limitations for filing a legal action for collection without the disclosures required by *West Virginia Code* §46A-2-128(f).

## (CLASS ALLEGATIONS)

11. Mr. Newman brings this action individually and, on behalf of all others similarly situated, under Rule 23 of the Federal Rules of Civil Procedure.

12. The class of consumers represented by Mr. Newman in this action are defined as: All persons with a West Virginia address who were sent an initial written communication on or after June 6, 2014, by Phoenix Financial where the alleged debt sought to be collected was beyond the applicable statute of limitations for filing a legal action for collection when such letter did not contain the disclosures required by the WVCCPA, West Virginia Code §46A -2-128(f).

13. Phoenix Financial has corporate policies and procedures regarding the collection of debts allegedly owed by West Virginia consumers such as Mr. Newman. Phoenix Financial carries out its policies and procedures through the use of standardized collection activities, including the use of standardized letters.

14. The class can be readily identified by collection activity logs, claim records and computer storage devices or databases, maintained by Phoenix Financial and/or its employer, employees, representatives or agents.

15. The class is so numerous that joinder of all class members is impracticable. The precise number of class members and their addresses are unknown to Mr. Newman; however, they are readily available from Defendant's records. Class members may be

notified of the pendency of this action by mail, supplemented (if deemed necessary or appropriate by the Court) by published notice.

16. This action involves questions of law and fact common to the class which predominate over questions affecting individual class members.

17. Mr. Newman's claims are typical of the claims of the class because, among other things, Mr. Newman, like the other members of the class, were subjected to a claim by Phoenix Financial to pay an alleged debt when the alleged debt was beyond the statute of limitations for filing a legal action without the disclosures required by the WVCCPA, *West Virginia Code* §46A-2-128(f).

18. Mr. Newman has displayed an interest in vindicating the rights of the class members, will fairly and adequately protect and represent the interest of the class, and are represented by skillful and knowledgeable counsel. Mr. Newman's interests do not conflict with those of the class and the relief sought by Mr. Newman will inure to the benefit of the class generally.

19. The questions of law and fact that are common to the class members predominate over questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy between the class members and Defendant.

20. The actions of Phoenix Financial are generally applicable to the class as a whole and to Plaintiff. For example, the class members can prove the elements of their

claims against Phoenix Financial for violations of the WVCCPA on a class-wide basis using the same evidence that Mr. Newman and individual class members would use to prove those claims in individual civil actions.

21. Additionally, the damages or other financial detriment suffered by individual class members is relatively small compared to the burden and expense that would be required to individually litigate each of the class member's claims against Phoenix Financial and it would be impracticable for the class members to individually seek redress for the Phoenix Financial's wrongful conduct.

22. Even if the members of the class could afford individual litigation, given the expected size of the class, separate litigation of each class member's claims against Phoenix Financial would create the potential for inconsistent and/or contradictory judgments, and cause delay and increase the expenses for the parties and the court in adjudicating the claims against Phoenix Financial. Conversely, a class action will prevent far fewer management difficulties, provide the benefits of a single adjudication, conserve time, effort and expense, employ comprehensive and cohesive supervision by a single court, and provide a forum for small claimants.

23. The prosecution of separate actions by the individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual class members which would establish incompatible standards of conduct for Phoenix Financial. Moreover, the likelihood that individual members of the class will prosecute

separate actions is remote due to the time and expense necessary to conduct such litigation.

24. Phoenix Financial has acted on grounds generally applicable to the class, thereby making appropriate final injunctive relief with respect to the members of the class as a whole.

25. Any difficulties in management of this case as a class action are outweighed by the benefits that a class action has to offer with respect to disposing of common issues of law and fact on issues affecting a large number of litigants.

26. The damages in this case are set by statute and generally preclude the necessity of a case-by-case assessment of damages by the court. To the extent case-by-case assessment is necessary, Phoenix Financial maintains computerized individual account information, and that information can easily be reviewed and assessed electronically.

27. Mr. Newman is unaware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership as described above.

28. Mr. Newman's claims are typical of those of the class as a whole, and Mr. Newman is capable of and willing to represent the other members of the class.

29. Mr. Newman and the class he represents are each a "Consumer" within the meaning of *West Virginia Code* §46A-2-125.

### (INDIVIDUAL AND CLASS CLAIMS FOR THE VIOLATION OF THE WEST VIRGINIA CONSUMER CREDIT AND PROTECTION ACT (WVCCPA))

30. Phoenix Financial's attempt to collect time-barred debt without the disclosures required by *West Virginia Code* §46A-2-128(f) is a prohibited false representation or implication of the character, extent or amount of the claim against Mr. Newman and the class he represents, or the status of such claim in a legal proceeding in contravention of *West Virginia Code* §46A-2-127(d) and *West Virginia Code* §127, generally.

31. Phoenix Financial's attempt to collect a time-barred debt was a prohibited unfair or unconscionable means to collect or attempt to collect a claim from Mr. Newman and the class he represents, in contravention of *West Virginia Code* §46A-2-128.

32. Phoenix Financial failed to give Mr. Newman and the class he represents, the notice of time barred debt required by of *West Virginia Code* §46A-2-128(f) which is a per se violation of the prohibition against using unfair or unconscionable means to collect a debt.

33. All acts of Phoenix Financial are in attempt to collect a debt from Plaintiff, or the class he represents, after the failure to provide the disclosure required by *West Virginia Code* §46A-2-128(f) in the initial written communication, are each a violation of *West Virginia Code* §46A-2-125 as unreasonably oppressive or abusive attempts to

collect debt; fraudulent, deceptive or misleading representations or means to collect debt; and unfair or unconscionable means to collect debt.

34. All of Phoenix Financial's acts complained of herein were willful and criminal pursuant to *West Virginia Code* §46A-5-103(4).

**WHEREFORE**, Mr. Newman and each member of the class he represents demand the following relief:

A. That the Court enjoin Phoenix Financial from attempting to collect time-barred debt in the State of West Virginia without compliance with *West Virginia Code* §46A-2-128(f);

B. That actual damages and the statutory penalty, adjusted for inflation, pursuant to *West Virginia Code* §§46A-2-101(1) and 106 be awarded to Mr. Newman and each member of the class he represents for each violation of the WVCCPA;

C. That Phoenix Financial be ordered to account for all time-barred debt collected from the class and reimburse each such member of the class all monies collected with interest thereon for the four year period preceding the filing of this action;

D. That Phoenix Financial be ordered to pay reasonable attorney fees and costs pursuant to the provisions of *West Virginia Code* §46A-5-104; and

E. For such other and further relief as the Court may deem appropriate.

**RONALD LEE NEWMAN**, on behalf of himself and all other similarly situated

BY COUNSEL

HAMILTON, BURGESS, YOUNG
    & POLLARD, *pllc*

BY:     /s/ Steven R. Broadwater, Jr.
Ralph C. Young *(W. Va. Bar #4176)*
   ryoung@hamiltonburgess.com
Christopher B. Frost *(W. Va. Bar #9411)*
   cfrost@hamiltonburgess.com
Steven R. Broadwater, Jr. (*W. Va. Bar #11355*)
   sbroadwater@hamiltonburgess.com
Jed R. Nolan *(W. Va. Bar #10833)*
   jnolan@hamiltonburgess.com
*Counsel for Plaintiff*
P. O. Box 959
Fayetteville, WV 25840
304-574-2727